IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED FINANCIAL CASUALTY COMPANY						PLAINTIFF

VS.						NO. _____

CHAD COX LOGGING, LLC;
ERNEST SHIRLEY; AND
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA			DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes Plaintiff, United Financial Casualty Company, by and through its attorney, and for its complaint for declaratory judgment, states:

### PARTIES

1. United Financial Casualty Company ("UFCC") is a corporation incorporated under the laws of the State of Ohio with its principal place of business in Cleveland, Ohio. UFCC is authorized to conduct business in the State of Arkansas.

2. Defendant Chad Cox Logging, LLC ("CCL") has its principal place of business in Murfreesboro, Pike County, Arkansas.

3. Defendant Ernest Shirley ("Shirley") is a resident of Murfreesboro, Pike County, Arkansas.

4. Defendant Travelers Property Casualty Company of America ("Travelers") is a Connecticut corporation with its principal place of business located in Hartford, Connecticut. Travelers is a workers compensation carrier, licensed to do business in the

1

State of Arkansas. Its agent for service of process is The Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201.

## NATURE OF THE ACTION

5.  An actual controversy exists between UFCC and defendants involving the parties' respective rights and liabilities under a contract for commercial auto insurance. The construction of the insurance policy and the controversy existing between UFCC and defendants may be determined by a declaratory judgment of this Court.

## JURISDICTION AND VENUE

6.  There exists an actual and justiciable controversy concerning whether a policy of insurance provides coverage and/or a duty to defend with respect to certain claims arising out of injuries and damages allegedly suffered by Shirley.

7.  The United States District Court for the Western District of Arkansas has jurisdiction over this matter based on diversity of citizenship, pursuant to 28 U.S.C. § 1332, and Article III, § 2 of the United States Constitution, which provides that federal courts maintain diversity jurisdiction "between citizens of different states."

8.  Based on the alleged injuries sustained by Shirley and the policy limits of the UFCC policy, the amount in controversy exceeds the jurisdictional limit of $75,000.

9.  The underlying accident occurred in Pike County, Arkansas. Venue is proper in the United States District Court for the Western District of Arkansas, Hot Springs Division, pursuant to 28 U.S.C. § 1391.

## PLAINTIFF'S POLICY

10. UFCC issued Policy 07927058-0 ("the policy") to CCL. The policy has a combined single limit of $1,000,000 for liability to others. The effective dates of the policy are August 3, 2018, through August 3, 2019. A true and correct certified copy of the policy, together with the declarations, is attached hereto as **Exhibit A**.

11. The applicable declarations page identifies the named insured on the policy as CCL. The auto coverage schedule on the declarations page identifies a 2013 Chevrolet Silverado K3500 (VIN 1GB4KZCG9DF117544) ("work truck"). See **Exhibit A**.

12. The policy contains several defined terms. The applicable defined terms are outlined below:

## GENERAL DEFINITIONS

> (2) **"Auto"** means a land motor vehicle or **trailer** designed for travel on public roads, or any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged…
>
> (3) **"Bodily injury"** means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.
>
> (4) **"Declarations"** or **"declarations page"** means a document prepared by **us** listing **your** policy information, which may include the types of coverage **you** have elected, the limit for each coverage, the cost for each coverage, the specifically described auto's covered by this policy, and the types of coverage for each specifically described auto.
>
> (5)**"Insured auto"** or **"your insured auto"** means:
>
>> a. Any **auto** specifically described on the **declarations page;** or
>>
>> …
>
> (7) **"Loss"** means a sudden, direct and accidental loss or damage.

3

> (16) **"We," "us"** and **"our"** mean the company providing this insurance as shown on the **declarations page.**
>
> (17) **"you," "your"** and **"yours"** refer to the named insured shown on the **declarations page.**

See **Exhibit A** at p. 2-5.

13. The policy contains several coverage parts. The applicable portion of Part I-Liability to Others is set forth below.

### PART I – LIABILITY TO OTHERS

### INSURING AGREEMENT-LIABILITY TO OTHERS

> Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury, property damage,** and **covered pollution cost or expense,** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto.** However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.
>
> **We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.
>
> **ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**
>
> A.   When used in Part I-Liability To Others, **insured** means:
>
>   1.   **You** with respect to an **insured auto.**
>
>   . . .

See **Exhibit A** at p. 6.

> **EXCLUSIONS-PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I – LIABILITY TO OTHERS.**
>
> Coverage under this Part I, including **our** duty to defend, does not apply to:

4

3. **Worker's Compensation**

Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under worker's compensation, unemployment compensation, disability benefits law, or other similar law.

5. **Employee Indemnification and Employer's liability**

**Bodily injury** to:

a. An employee of any **insured** arising out of or within the course of:

(i) That employee's employment by any **insured**; or

(ii) Performing duties related to the conduct of any **insured's** business; or

b. The spouse, child, parent, brother or sister of that employee as a consequence of paragraph a. above.

This exclusion applies:

a. Whether the **insured** may be liable as an employer or in any other capacity; and

b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

See **Exhibit A** at p. 9.

...

## UNDERLYING FACTS OF ACCIDENT

14. Separate defendant Shirley is an employee of CCL.

15. The work truck identified on the declarations page of the policy is owned by CCL and used exclusively for the business purposes of CCL.

16. On April 27, 2019, Chad Cox of CCL and Shirley were performing maintenance on the brakes of the work truck, when the work truck rolled off of a jack and onto Shirley.

17. As a result of this incident, Shirley sustained personal injuries. It is alleged that Shirley lost one kidney, fractured several ribs and sustained various other personal

5

injuries. It is also alleged that Shirley suffered a loss of income as a result of the injuries sustained in this accident.

18. Prior to the date of the April 27, 2019, accident, CCL provided an advanced paycheck to Shirley. On the date of the accident described herein, Shirley was working toward paying off the advance.

19. CCL maintains a Worker's Compensation policy issued by Travelers. Based on information and belief, Travelers denied that Shirley sustained a compensable injury covered by its policy.

20. Because Travelers is an interested party in the outcome of this complaint for declaratory judgment and because the Court's declaration may impact the coverage provided under the policy issued by Travelers, Travelers is an appropriate party defendant.

## **CAUSES OF ACTION**

21. UFCC incorporates herein each and every allegation contained in paragraphs 1-20, as if set forth herein word for word.

22. UFCC seeks a declaratory judgment from this Court that it owes neither a duty to defend Chad Cos or CCL nor a duty to indemnify for any claims or suits brought as a result of the April 27, 2019, accident.

23. Pursuant to PART I-LIABILITY TO OTHERS, Exclusion (3) Worker's Compensation and Exclusion (5) Employee Indemnification and Employer's Liability, the policy of insurance does not provide coverage for any injuries or damages sustained by Shirley as a result of the April 27, 2019, accident.

24.     UFCC reserves the right to amend its complaint for declaratory judgment as discovery develops and reserves the right to rely upon all policy terms and not just the sections cited herein.

25.     UFCC seeks trial by jury of any disputed issues of fact.

WHEREFORE, UFCC seeks a declaratory judgment from this Court, declaring it owes neither a duty to defend Chad Cox or CCL nor a duty to indemnify for any claims or suits brought by Shirley as a result of the April 27, 2019, accident, and for all other proper relief to which it may be entitled.

Respectfully submitted,

DEBBIE S. DENTON (BAR NO. 97095)
**ANDERSON, MURPHY & HOPKINS, L.L.P.**
400 West Capitol Avenue, Suite 2400-4851
Little Rock, Arkansas  72201-4851
Telephone:   501-372-1887
Facsimile:   501-372-7706
Email:       denton@amhfirm.com